## Baker, Appellant, *v.* Baker.

*Divorce—Collateral attack on decree—Costs.*

A decree in divorce having every appearance of a final judgment of the court, cannot be attacked in a collateral proceeding, because the decree had been entered before the costs had been paid in violation of a rule of court providing that the decree should remain in the hands of the clerk until the costs were paid.

Argued Nov. 22, 1904. Appeal, No. 70, Oct. T., 1904, by plaintiff, from decree of C. P. Chester Co., Jan. T., 1903, No. 2, refusing divorce in case of Malinda B. Baker v. George M. Baker. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Petition for divorce.

The master, John Haviland, Jr., Esq., found that the respondent at the time of his marriage with libellant had a wife living from whom he had not been legally divorced. It appeared that in divorce proceedings in Columbia county between respondent and his former wife, a decree had been signed but had been filed of record before the costs were paid.

The rules of court in that county provided that the costs should be paid before the decree should be entered.

The master recommended a decree in favor of the divorce.

Exceptions to the report were sustained by BUTLER, J., who filed the following opinion :

We must sustain the exceptions filed in behalf of the respondent to the master's report. We are of opinion that the record of the divorce proceedings, No. 32, February term, 1885, in the common pleas of Columbia county, Pennsylvania, between the libellant there, Margaret A. Baker, and the respondent, George M. Baker, exhibit a final, absolute decree of divorce between the parties, and that consequently George M. Baker at the date of his marriage with the libellant here, Malinda B. Baker, was not already married.

In the Columbia county proceedings the court had jurisdiction of the parties; and following a regularly conducted proceeding, signed a decree of absolute divorce, which decree was spread upon its records with every appearance of regularity and finality. Certainly until impeached and successfully attacked in that court, it must be respected as for what it appears to be. Grant that when the judge signed the decree the costs were not paid, that under their practice and rules the signed decree was intended to remain in the hands of the court's officer, in abeyance, until the costs should be paid, how can we permit a collateral attack upon this decree which was subsequently entered with every appearance of a final judgment of the court ? If the costs were unpaid when the decree was signed, and remained unpaid, we may surmise that the officer erred in entering the decree, or that the rule of court was waived ; these things, or anything else we may surmise, but we may not question the finality of the decree, so long as it remains upon the records of the court of Columbia county unimpeached by direct attack, and presenting every appearance of a final judgment of that court.

The respondent may be in fault as to the payment of costs in the Columbia county proceeding, but in view of the state of the record there we think, and as matter of public policy and decency we are glad it so appears, he must be viewed as having been duly divorced from his former wife, Margaret A. Baker, and as not having contracted a bigamous marriage with his present wife.

The exceptions are sustained and a decree of divorce is denied.

553, (1904).]   Assignment of Error—Opinion of the Court.

*Error assigned* was the decree of the court.

·*J. Frank Hause*, with him *George Harris Rupert*, for appellant.

*Thomas W. Price*, for appellee, filed no printed brief.

PER CURIAM, December 21, 1904:

We fully concur in the conclusions reached by the learned judge of the common pleas and in the reasons given therefor by him.

The decree is affirmed upon his opinion.