## Commonwealth v. Alois.

*Divorce — Fornication and bastardy — Collateral attack on decree for divorce—Payment of costs.*

1. A decree in divorce cannot be attacked collaterally merely because the decree had been entered before the costs were paid.

2. A woman in whose favor a decree in divorce has been entered may successfully prosecute a man for fornication and bastardy, although she did not pay the costs in the divorce suit until after the offence had been committed.

3. In such case, the defendant cannot, in the fornication and bastardy proceedings, attack the decree in divorce collaterally.

Motion for new trial. Q. S. Schuylkill Co., Jan. Sess., 1925, No. 27.

*C. W. Palmer* (with him *V. J. Dalton)*, for Commonwealth.

*A. D. Knittle*, for defendant.

BERGER, J., Feb. 2, 1925.—The defendant, who has been convicted of fornication and bastardy, has moved for a new trial, on the ground that "the verdict is against the law." At the trial it was proved that the prosecutrix, the mother of the child, was granted a decree in divorce from her husband, April 4, 1921, but that the costs which were imposed upon him were not paid until Dec. 9, 1924, when they were paid by the libellant. Paragraph 19 of Rule 17, regulating our practice in divorce, provides, *inter alia*, that "No rule for divorce shall be made absolute until all the costs are paid." This rule has not been strictly followed heretofore, but a practice has grown up under it by which the prothonotary has withheld decrees in divorce until payment of the costs.

The defendant contends that the prosecutrix, notwithstanding the final decree of divorce on record, remained in fact and in law the wife of the man from whom the decree divorced her until she paid the costs and lifted the decree. If this contention is true, the presumption of legitimacy which attaches to the birth of a child in wedlock would make the prosecutrix incompetent as a witness to fix the paternity of her child and to place it upon the defendant. The question raised in this case was determined in Baker v. Baker, 26 Pa. Superior Ct. 553, upon facts essentially identical against the contention of the defendant, where it was held, as appears by the syllabus, that a decree in divorce cannot be attacked collaterally: "A decree in divorce having every appearance of a final judgment of the court cannot be attacked in a collateral proceeding because the decree had been entered before the costs had been paid, in violation of a rule of court providing that the decree should remain in the hands of the clerk until the costs were paid."

The motion for a new trial is, therefore, overruled, and the defendant is directed to appear for sentence on Monday, Feb. 9, 1925, at 10 o'clock A. M.

From M. M. Burke, Shenandoah, Pa.